THE STATE *ex rel.* BARRICELLA *et al.* v. NOONAN, *Mayor, Appellant.*

Division Two, June 12, 1894.

1. **Supreme Court**: APPELLATE JURISDICTION. The supreme court has no jurisdiction of an appeal from the circuit court in a *mandamus* proceeding against the mayor of St. Louis city to annul permits to fruit sellers to occupy places in the streets in violation of a city ordinance, the amount in controversy being less than $2,500 and no other question conferring jurisdiction being involved. (Const., art. 6, sec. 12; amend. 1884, sec. 5.)

2. ———: SUPERSEDEAS. An order of *supersedeas* improvidently granted by the supreme court will be set aside.

*Appeal from St. Louis City Circuit Court.*

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*W. C. Marshall* for appellant.

(1) *Mandamus* will not lie to compel the performance of executive duties, nor to control the executive in the performance of powers and duties pertaining to his office of executive, nor in matters wherein he has a discretion. Cooley on Const. Lim., p. 136, note 3. (2) The mayor having the pardoning power as to convictions for offenses against the ordinances of the city, may exercise such power as well before as after conviction. *Lapeyre v. U. S.*, 17 Wall. 191; *Dominick v. Bowdoin*, 44 Ga. 357; *Grubb v. Bullock*, 44 Ga. 379. And he may exercise such pardoning power by general proclamation, even before any case for violation of the

ordinance has been instituted. *Carlisle v. U. S.*, 16 Wall. 147; *Lapeyre v. U. S.*, 17 Wall. 191.

*R. B. Haughton* for respondents.

(1) The motion to dismiss the appeal is well taken. (2) Mayors of cities are subject to control by *mandamus*. Dillon on Mun. Corp. [4 Ed.] sec. 831; Mechem on Officers, sec. 969. See, also, *State, etc., v. Sec. of State*, 33 Mo. 293. (3) It is the duty of the police board to enforce the state laws in the city, and the mayor has no authority to interfere with them. These carts and wagons clearly are nuisances, and this court has held that such can not be created or continued, even by the legislative branch of the city government. *Schopp v. St. Louis*, 22 S. W. Rep. 898; *Pedrick v. Bailey*, 12 Gray (Mass.), 161; *Shafer v. Mumma*, 17 Md. 331; *State v. Edens*, 85 N. C. 522, *loc. cit.* 527; Dillon on Mun. Corp. [4 Ed.], sec. 730, and note. (4) *Mandamus* will be granted to secure even one step in a course of action which will ultimately result in the securing of one's rights. *State ex rel. v. Wear*, 37 Mo. App. 325 *loc. cit.* 335; High on Ex. Leg. Rem., sec. 11. In *mandamus* against public officers, the degree of importance is not weighed. High on Ex. Leg. Rem., sec. 1, and note. Indictment, actions for damages, etc., are not considered remedies. High on Ex. Leg. Rem., secs. 82, 18, and note; Merrill on Mandamus, secs. 53, 54, 55. The writ is freely granted against public officers. *State ex rel. v. Cramer*, 96 Mo. 75; High on Ex. Leg. Rem., secs. 5, 9; *State ex rel. v. Doyle*, 40 Wis. 220; *Atty. Gen. v. Railroad*, 35 Wis. 425.

GANTT, P. J.—On the twelfth day of September, 1892, an alternative writ of *mandamus* was issued by Judge Daniel Dillon, one of the judges of the circuit

court of St. Louis, to Hon. Edward A. Noonan, the mayor of the city of St. Louis, upon the petition of Henry Collett and Gerardo Barricella, requiring said Noonan to revoke, cancel and annul certain written permits issued by him to Lorenzo Palmisano *et al.*, purporting to allow them to occupy places in the public streets of St. Louis, with their fruit wagons, within the district and within the hours prohibited by ordinance number 14084 and to stop and offer for sale and to make sales of their fruits, wares and merchandise therein, within said prohibited hours. Thereafter, on October 4, 1892, the respondent, Noonan, filed his return, in the nature of a demurrer, which was heard on November 15, 1892, and his return adjudged insufficient and a peremptory writ of *mandamus* was awarded on November 22, 1892, the respondent having declined to plead further.

On the twenty-ninth of November, 1892, the mayor filed his affidavit for appeal to this court and it was allowed, but no *supersedeas* bond was given and no stay granted. Afterwards, on January 7, 1893, a transcript of the proceedings was filed in this court and a bond for appeal tendered on January 12, 1893, which was approved and directed to be filed with the clerk of the circuit court, but it appears that, by an oversight, the bond was lodged with the clerk of this court. Afterwards, the relators filed affidavits in this court showing that in obedience to the peremptory writ the mayor, on December 29, 1892, canceled the said permits issued by him to said parties.

On April 10, 1894, the relators moved this court to dismiss the appeal herein because this court had no jurisdiction over said appeal under the constitution of this state. Counsel have also filed briefs covering various other questions in the cause.

Upon consideration, we are of the opinion that the motion to dismiss the appeal must be sustained. This court has no jurisdiction of this appeal. It does not fall within any of the classes in which an appeal is granted to this court, either as to the amount of the controversy, the character of the litigation or the parties litigant. Constitution, art. 6, sec. 12; amendment of 1884, sec. 5. It follows, also, that the order of *supersedeas* allowed in this court was improvidently granted, and said order and the order approving said appeal bond on January 12, 1893, must be and they are hereby set aside, and the appeal is ordered certified to the St. Louis court of appeals. All of this division concur.